USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 1/12/2016 __

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EDWIN ESPADA,

                              Petitioner,                   13-CV-08408 (LGS)(SN)

     -against-                                         **REPORT AND
                                                         RECOMMENDATION**

WILLIAM A. LEE,

                              Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE LORNA G. SCHOFIELD:**

     Edwin Espada, pro se, petitions under 28 U.S.C. § 2254 for a writ of habeas corpus vacating his May 12, 2010 conviction of first degree robbery. Espada stole a pair of sneakers from a Manhattan store and brandished a pair of pliers at a store employee while attempting to flee with the goods. He argues that his conviction was based on insufficient evidence and against the weight of the evidence, that the prosecution constructively amended the indictment and committed other misconduct, and that his trial counsel was ineffective for failing to raise a challenge based on Batson v. Kentucky, 476 U.S. 79 (1986), and for failing to object when the prosecution and its witnesses referred to the pliers as a "weapon."

     Espada's petition should be denied. His challenge to the sufficiency of the evidence fails because a rational jury could conclude that Espada threatened the store employee with an object sharp enough to cause serious physical injury. His weight of the evidence claim is not cognizable on federal habeas review. His constructive amendment and prosecutorial misconduct claims are procedurally barred and also meritless. His Batson ineffective assistance claim, raised for the

first time in his second amended petition, is untimely because the Court did not stay the petition with respect to that claim. In any event, the state court denied his Batson claim on an independent and adequate state law ground, barring habeas review. Finally, his ineffective assistance claim is wholly meritless because the state court's evaluation of his counsel's effectiveness was a reasonable application of federal law.

## BACKGROUND

### I. The Crime

On the afternoon of May 27, 2009, Espada stole a pair of sneakers from a VIM store in Manhattan by concealing them under his hooded sweatshirt. A VIM employee saw him steal the sneakers and alerted Serge Ouedraogo, the store's acting manager, over the loudspeaker. Ouedraogo encountered Espada in the stairway leading to the VIM basement and asked him what he was hiding under his sweatshirt. Espada denied hiding anything and told Ouedraogo that he was being summoned downstairs. Undeterred, Ouedraogo blocked Espada's path to the store's exit and reached out to touch his sweatshirt, asking him again what was concealed beneath it. Espada pulled a pair of needle-nose pliers from his pocket and told Ouedraogo not to touch him. The two men were within arm's reach. Espada maneuvered past Ouedraogo and ran toward the exit, still carrying the sneakers. On his way out, he tripped over a floor mat and landed face-down on the sidewalk. VIM employee Jacob Yeboah, who had witnessed the confrontation, wrestled the pliers out of Espada's hands, and Ouedraogo recovered the sneakers.

On June 16, 2009, Espada was charged with robbery in the first degree under N.Y. Penal Law § 160.15(3), which required showing that he forcibly stole property and used or threatened the use of "a dangerous instrument."

**II.     Procedural History**

   **A.  Trial**

At trial, Espada's counsel conceded that Espada had stolen the sneakers, but argued that he was not guilty of robbery because he had not used force or threatened the use of a dangerous instrument.

During his testimony, Ouedraogo repeatedly referred to the pliers as a "weapon," and testified that he initially believed they were a pair of scissors. Tr. at 187-88. He testified that Espada had brandished the pliers within striking distance: "[Espada] can hit me, he can do whatever he wants because he have a weapon . . . ." Tr. at 189. During Ouedraogo's direct examination, the prosecution repeatedly referred to the pliers as a "weapon" without objection. Yeboah characterized Espada's needle-nose pliers as "a metal plier, sharp plier," Tr. at 63, and testified that Espada had held them between himself and Ouedraogo. Police officer Ida Puryear testified that she had arrested Espada and recovered a pair of Nike sneakers and pliers that "came to a point." Tr. at 141. The pliers were admitted into evidence, and the jury saw surveillance video of the incidents.

At the close of the prosecution's case, defense counsel moved for a trial order of dismissal, asserting that the prosecution had not satisfied the elements of robbery in the first degree. Counsel argued that the prosecution had not shown: (1) that the pliers were a dangerous instrument; (2) that Espada had threatened anybody; or (3) that Espada had used force to retain the stolen sneakers rather than to escape. The court denied the motion.

As the sole defense witness, investigator Franklin Belle introduced photographs of the store's security cameras, which suggested that the prosecution had not introduced video evidence from every camera. Espada did not testify.

At the close of the defense's case, defense counsel moved for a missing witness charge for a police officer who did not testify. The court denied the motion. Defense counsel moved for instructions on the lesser included offenses of third degree robbery and petit larceny. The court granted the request for the petit larceny instruction but denied the request for the third degree robbery instruction, concluding that no reasonable view of the evidence supported it. Defense counsel also made a second motion for a trial order of dismissal, raising the same sufficiency arguments she had raised earlier. The court denied the motion.

In summation, defense counsel conceded that Espada had committed a petit larceny by stealing the sneakers. But counsel insisted that Espada could not be convicted of first degree robbery because he had not threatened the immediate use of a dangerous instrument. First, counsel argued that the pliers were not "much of a weapon the way he used [them]." Tr. at 361. Second, counsel argued that Espada had not threatened Ouedraogo with the pliers. Counsel also suggested that video evidence that would have been favorable to Espada had not been produced.

The jury convicted Espada of first degree robbery.

### B. Espada's Motion to Set Aside the Verdict and Sentencing

At his sentencing hearing, Espada sought to file a pro se motion under CPL § 330.30(1) to set aside the jury's verdict. Espada's proposed motion asserted ineffective assistance of trial counsel, so the court appointed new counsel. Espada's new counsel filed a § 330.30 motion arguing that the verdict should be set aside for insufficient evidence and in the interests of justice, or, alternatively, that the verdict should be modified to third degree robbery. The counseled brief did not raise an ineffective assistance argument. Espada's supplemental pro se brief asserted that his conviction was not based on sufficient evidence and that trial counsel had been ineffective. As relevant here, he contended that counsel improperly "allowed the pliers to

4

be referred to as 'the weapon' an astounding twenty-one (21) times . . . without a single objection." SR at 13 n.1.

The trial court denied the motion by written order, concluding that Espada's conviction was based on sufficient evidence. The court expressly declined to consider the ineffectiveness claims raised in Espada's pro se motion, but concluded alternatively: "to the extent that such claims are cognizable under C.P.L. § 330.30, this Court finds that trial counsel provided the defendant with meaningful representation." SR at 43 n.1.

The court sentenced Espada as a second violent felony offender to 10 years' imprisonment and 5 years' post-release supervision.

### C.  Direct Appeal

On direct appeal, Espada's counseled brief argued that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Espada's pro se supplemental brief argued that the prosecutor had constructively amended the indictment and committed misconduct by arguing that Espada had used a "weapon" rather than a dangerous instrument and by asking leading questions. The supplemental brief did not raise the ineffective assistance argument.

The Appellate Division affirmed Espada's conviction. People v. Espada, 94 A.D.3d 451 (1st Dep't 2012). The Appellate Division held that Espada's conviction was based on legally sufficient evidence, finding that evidence supported a conclusion that Espada made "an implied threat to use the pliers against the employee" and the jury was entitled to credit testimony that the pliers were sharp enough to cause physical injury. Id. at 451-52. The court found the claims in Espada's pro se brief to be unpreserved. Id. at 452. As an alternative holding, the court also rejected them on the merits. Id.

Through counsel, Espada sought leave to appeal to the Court of Appeals. Espada's leave application briefed only his legal sufficiency argument. It incorporated his Appellate Division briefs by reference, stating: "For the reasons stated above as well as for the reasons stated in all of the briefs submitted on defendant's behalf to the Appellate Division, we respectfully request that Your Honor grant leave to appeal in this case." SR at 184. On September 19, 2012, a judge of the Court of Appeals denied leave to appeal. People v. Espada, 19 N.Y. 3d 1025 (2012).

### D. Collateral Proceedings

#### a. First § 2254 Petition

On November 19, 2013, Espada filed his pro se § 2254 petition. Espada's petition did not plainly set forth any grounds for relief. The document did, however, describe the full procedural history of his case, including all grounds raised on direct appeal. The petition also requested a stay so that he could pursue a state collateral challenge. By an order dated February 14, 2014, the Court gave Espada 60 days to amend his petition to describe his grounds for habeas relief and to brief his argument for a stay.

#### b. CPL § 440.10 Motion

On January 24, 2014, Espada, pro se, moved in New York Supreme Court under CPL § 440.10 to set aside his verdict. He raised two ineffective assistance of trial counsel arguments. First, as relevant here, he argued that trial counsel was ineffective for failing to object when the prosecution and its witnesses called the pliers a "weapon." Second, he argued that counsel should have raised a Batson claim because jury selection procedures eliminated Hispanic jurors.

#### c. First Amended § 2254 Petition

On April 9, 2014, Espada filed his first amended § 2254 petition. He raised the following grounds for relief: (1) his conviction was supported by insufficient evidence and against the

weight of the evidence; (2) the prosecution constructively amended the indictment; and (3) the prosecution engaged in unduly prejudicial misconduct in violation of due process. Espada also described the ineffective assistance of counsel claims raised in his § 440.10 motion and asked that his § 2254 be stayed pending the outcome of that proceeding.

### d. Stay of § 2254 Petition

On August 6, 2014, in accordance with a Court order, Espada submitted a memorandum of law supporting his request for a stay pending the conclusion of his state collateral challenge. By order dated September 29, 2014, the Court stayed Espada's petition until 30 days after the conclusion of his state court proceedings with respect to his ineffective assistance challenge. But, finding that Espada had raised his Batson challenge for the first time in his § 440.10 motion, the Court declined to stay the proceedings with respect to that claim. If Espada's amended petition were to include that claim, the Court concluded, "it will be deemed filed on the date it is submitted."

### e. CPL § 440.10 Denied

On November 19, 2014, the New York Supreme Court denied Espada's § 440.10 motion. The court concluded that Espada's ineffectiveness argument based on the failure to object to the use of the word "weapon" was a repackaging of the sufficiency argument raised on direct appeal and, thus, procedurally barred for § 440.10 purposes. The court also ruled that the argument was meritless because Espada had received effective counsel, who made appropriate motions and objections throughout the case. The court concluded that any objection to calling the pliers a "weapon" would have failed, and, thus, counsel was not ineffective for not making one. The court found Espada's Batson claim to be procedurally barred because it was clear from the trial record and should have been raised on direct appeal.

7

The Appellate Division denied Espada leave to appeal the denial of his § 440.10 motion.

### f. Second Amended § 2254 Petition

On July 29, 2015, Espada filed his second amended § 2254 petition. He asserts both ineffective assistance claims raised in his § 440.10 motion. The Court interprets Espada's second amended petition to supplement, rather than supplant, his first amended petition.

## DISCUSSION

### I. Timeliness

A state prisoner must seek habeas relief within one year after his conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). This period is tolled during the time when "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006).

Most of Espada's petition is timely. The Court of Appeals denied Espada leave to appeal on September 19, 2012, and his conviction became final on December 18, 2012, when his time for filing a petition for certiorari with the U.S. Supreme Court expired. See Clay v. United States, 537 U.S. 522, 532 (2003) (interpreting timeliness under § 2255). Espada filed his § 2254 petition on November 19, 2013, nearly a month before the statute of limitations expired.

Respondent argues that Espada's petition was untimely because he did not set forth his grounds for relief until after the limitations period had expired. But the Court granted Espada leave to amend his petition after the limitations period had run, and Espada's amended petition was timely with respect to the Court's order. Respondent has not provided any case law

suggesting that the Court lacks the authority to grant a petitioner leave to amend a timely filed petition. Indeed, the law suggests otherwise. Courts should consider pro se habeas petitions "with a lenient eye, allowing borderline cases to proceed." Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983). To that end, district courts may stay a timely filed petition to allow a petitioner to make amendments that would otherwise be time-barred. See, e.g., Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001); Rodriguez v. Bennett, 303 F.3d 435, 439 (2d Cir. 2002). See also Winfield v. Sec'y, 203 F. App'x 276, 279 (11th Cir. 2006) (district courts should allow a petitioner to amend a petition under Rule 2(e) when dismissal would effectively deprive a petitioner of the right to petition). In any event, Espada's petition is timely under the law of the case doctrine. See ECF No. 25 at 21 (citing Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009)).

Espada's Batson ineffectiveness claim, however, is untimely. In the Order staying his petition, the Court ruled that Espada's Batson ineffective assistance claim did not relate back to the filing date of his first petition. The Court warned that if Espada brought the Batson ineffective assistance claim in his amended it petition it would be deemed filed on the date of that petition. Thus, that claim is deemed filed on July 29, 2015, well after the limitations period had expired, and it is untimely.

## II.     Sufficiency and Weight of the Evidence

In challenging the sufficiency of the evidence, Espada argues that the prosecution did not prove that he had used the pliers as a dangerous instrument. He also contends that his conviction was against the weight of the evidence. Espada exhausted these claims by raising them before the Appellate Division and the Court of Appeals. See Eze v. Senkowski, 321 F.3d 110, 122 (2d Cir. 2003). But they are not grounds for habeas relief. Espada has not established that his conviction

was based on an unreasonable view of the evidence, and a habeas court does not have the power to review his weight of the evidence claim.

### A. Sufficiency of the Evidence

In reviewing a habeas challenge to the sufficiency of a state criminal conviction, the Court must consider "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court must draw "all permissible inferences" in the prosecution's favor. Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002). And the state court's determinations regarding witness credibility are presumed to be correct. Shabazz v. Artuz, 336 F.3d 154, 161 (2003). In short, a petitioner "bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002) (internal quotations and citation omitted).

To establish what the prosecution was required to prove at trial, the Court "must look to state law to determine the elements of the crime." Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999). Under New York law, a person is guilty of robbery in the first degree when he "forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he . . . [u]ses or threatens the immediate use of a dangerous instrument . . . ." Penal Law § 160.15(3). A dangerous instrument is any object that "under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." Penal Law § 10.00(13). Under this standard, "any instrument, article, or substance, no matter how innocuous it may appear to be when used for its legitimate purpose, becomes a dangerous instrument when it is used in a manner which renders it readily

capable of causing serious physical injury." People v. Owusu, 93 N.Y.2d 398, 400 (1999) (internal quotation marks omitted). "The use or threatened use" of the dangerous instrument "need not be accompanied by any statement." People v. Pena, 50 N.Y.2d 400, 408 (1980). The "brandishing of a weapon might be enough." Id. Thus, a defendant who told a victim "I got a knife" while simultaneously "moving his hand toward his pants pocket" satisfied the statutory requirement of use or threatened use of a dangerous object. People v. Ford, 11 N.Y.3d 875, 878 (2008).

A rational jury could have concluded that Espada threatened the immediate use of a dangerous instrument. Three different witnesses described the pliers as "sharp," and the jury saw the object. The jury also heard evidence that Espada told Ouedraogo not to touch him. The jury reasonably could have concluded that Espada had threatened to stab Ouedraogo with the pliers if he continued to impede Espada's escape. See People v. Landy, 68 A.D.3d 520, 521 (1st Dep't 2009) (force element "established by evidence that, during the commission of the crime, defendant possessed a sharp piece of metal capable of causing injury, and that he displayed it in a manner that conveyed a threat to stab the victims if they did not comply with his demand for money."). The Appellate Division's sufficiency review was a reasonable application of federal law, and Espada's claim does not warrant habeas relief.

### B. Weight of the Evidence

In New York, the Appellate Division can set aside a conviction because it is against the weight of the evidence. See C.P.L. § 470.15(5). No corresponding right exists under the federal constitution. Thus, Espada's weight of the evidence claim posits only "an error of state law, for which habeas review is not available." Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006). See also Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) ("assessments of the weight

of the evidence are for the jury and not grounds for reversal" on habeas review); Perez v. Smith, 791 F. Supp. 2d 291, 303 (E.D.N.Y. 2011) (A "weight of the evidence claim is a creature of state law.").

### III.    Constructive Amendment of the Indictment and Prosecutorial Misconduct

Espada argues that the prosecution constructively amended the indictment by arguing that Espada possessed a "weapon" rather than a dangerous instrument. He also contends that the prosecutor committed misconduct by eliciting evidence that Espada carried a "weapon" and using the word repeatedly during summations. Finally, he argues that the prosecutor's leading questions violated due process. These arguments are procedurally barred and fail on the merits.

#### A. Procedural Default

Before a federal court may review a § 2254 claim, a petitioner must exhaust all remedies provided in state court. 28 U.S.C. § 2254(b)(1)(A). A claim is deemed exhausted if the petitioner: (1) fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts; and (2) presented his claim to the highest state court that could hear his claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). An application for leave to appeal that refers to attached briefs "will preserve issues only if the Court of Appeals is clearly informed that the reference is asserting issues in those briefs as bases for granting leave to appeal." Ramirez v. Att'y Gen., 280 F.3d 87, 97 (2d Cir. 2001). When a leave letter uses the words "for all of these reasons and the reasons set forth in the Appellate Division briefs," the letter has not fairly presented each claim in those briefs because that language "might as easily have been a reference to additional reasons" for reviewing the claims raised in the letter. Id.

A habeas petitioner who has not met the State's procedural requirements cannot prevail on a claim unless he "can demonstrate cause for the default and actual prejudice as a result of the

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "The procedural default doctrine protects the integrity of the exhaustion rule, ensuring that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005).

Espada enclosed his Appellate Division briefs with his leave application to the Court of Appeals. But his leave application did not fairly present all the claims raised in those briefs. The application briefed the sufficiency argument, but incorporated only "the reasons stated" in the appellate briefs. Raising the "reasons stated" in the attached appeal brief did not put the state court on notice that Espada intended to raise additional grounds for relief. Ramirez, 280 F.3d at 97. Thus, Espada failed to present his constructive amendment and prosecutorial misconduct claims to the highest state court that could hear them, and they are procedurally defaulted. Further, he has not established cause for failing to present these claims or that the failure to consider them would result in a fundamental miscarriage of justice. Consequently, they do not warrant habeas relief.

### B. Procedural Bar

Even if Espada had presented these claims to the Court of Appeals, they would not be cognizable on habeas review because the Appellate Division rejected them on an independent and adequate state law ground. "Federal habeas courts do not generally entertain arguments that were procedurally defaulted in the state court if the finding of default constitutes an independent and adequate state ground for the state court's decision." Brown v. Miller, 451 F.3d 54, 56 (2d Cir. 2006) (internal quotation marks omitted). Under CPL § 470.05(2), a defendant must make a

13

contemporaneous objection to an alleged error to preserve that error for appellate review. Failure to preserve a claim through a contemporaneous objection constitutes an independent and adequate state law basis for denying the claim. Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011).

Here, the Appellate Division denied Espada's claims as unpreserved for review, and this conclusion presents an independent and adequate state law ground for denying those claims. Further, this is not an "exceptional" case in which the "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (quoting Lee v. Kemna, 534 U.S. 362, 376 (2002)). Espada's trial counsel did not raise either claim in her motion for a trial order of dismissal, and thus the claims were not preserved. See People v. Whitecloud, 110 A.D.3d 626, 626 (1st Dep't 2013).

### C. Merits Review

If Espada's claims were not procedurally defaulted, they would also fail on the merits. His claim that the prosecutor constructively amended the indictment states only a violation of state law, not a federal constitutional violation, and is not cognizable on habeas review. In any event, the record does not support a constructive amendment claim. Likewise, Espada has not established that the prosecutor engaged in constitutionally objectionable misconduct.

#### a. Constructive Amendment

The Fifth Amendment's prohibition against the constructive amendment of indictments does not apply in state criminal prosecutions because "this provision of the Bill of Rights has not been incorporated against the states through the Fourteenth Amendment." LanFranco v. Murray, 313 F.3d 112, 118 (2d Cir. 2002). Accordingly, Espada can claim only a violation of state law

against constructive amendment, and this argument is not cognizable on federal habeas review. Id.

In any event, Espada has not shown that the prosecution constructively amended the indictment. In New York, a constructive amendment occurs when proof at trial varies from the indictment such that a defendant is deprived of "fair notice of the accusations made against him." People v. Grega, 72 N.Y.2d 489, 501 (1988) (internal quotation marks omitted). Espada asserts that calling the pliers a "weapon" changed the theory of the prosecution from one based on the use of a "dangerous instrument," as charged in the indictment, to one based on the use of a "deadly weapon." See Penal Law § 160.15(3), (2). But witnesses and the prosecution referred to the pliers as a "weapon" in the colloquial sense, and not in the specialized legal sense of a "deadly weapon." Nowhere in the record were the pliers described as "deadly." Further, the trial court's jury instructions did not mention weapons at all; the court instructed the jury only regarding the use of a "dangerous instrument." The jury, which can be presumed to follow the trial court's instructions, lacked any basis for convicting Espada under an alternative theory of robbery.

### b. Prosecutorial Misconduct

Espada argues that the prosecutor committed misconduct by repeatedly referring to the pliers as a "weapon." He also contends that the prosecutor made two inflammatory remarks during summation. But a prosecutor's "improper comments will be held to violate the Constitution only if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." Parker v. Matthews, 132 S. Ct. 2148, 2153 (2012) (internal quotation marks omitted). The prosecutor's characterization of the pliers as a "weapon" did not infect the trial with unfairness—the prosecutor merely echoed witness descriptions of the instrument.

15

Further, the prosecution is permitted to make "fair comment on the evidence at trial." Osorio v. Conway, 496 F. Supp. 2d 285, 301 (S.D.N.Y. 2007). The prosecution's claim that Espada used a "weapon" to menace Ouedraogo could be inferred from evidence that the pliers were sharp and Espada brandished them to keep Ouedraogo from touching him.

Espada also mentions the prosecution's use of two leading questions, but the trial court sustained his counsel's objections to those questions, and this alleged error of state evidence law cannot serve as the basis for habeas relief. See DiGuglielmo v. Smith, 366 F.3d 130, 137 (2d Cir. 2004) ("Simply put, federal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)).

## IV. Ineffective Assistance of Counsel

In his second amended petition, Espada raises two distinct ineffective assistance of trial counsel claims. He asserts that his counsel was ineffective for failing to raise a Batson challenge. And he argues that counsel was ineffective for failing to object to the prosecution's repeated characterization of the pliers as a "weapon." The first claim is barred by an independent and adequate state law ground, and both claims fail on the merits.

### A. Procedural Bar

Espada's Batson ineffective assistance claim is procedurally barred. Espada first asserted this claim in his § 440.10 motion, and the New York Supreme Court concluded that it was procedurally defaulted because he should have raised it in his direct appeal. The factual basis of his Batson argument was clear from the record, and he was barred by CPL § 440.10(2)(c) from raising it for the first time in a § 440.10 motion. Thus, his claim was denied on an independent and adequate state law ground. See Sweet v. Bennett, 353 F.3d 135, 139-40 (2d Cir. 2003). This is not an "exceptional" case in which the "exorbitant application of a generally sound rule

renders the state ground inadequate to stop consideration of a federal question." Cotto, 331 F.3d at 240. Batson challenges can usually be raised based on the trial record itself, and Espada's claim is no different. See, e.g., Felder v. Goord, 564 F. Supp. 2d 201, 216 (S.D.N.Y. 2008). He relies entirely on the recorded voir dire to support his allegations, and, accordingly, the state court's procedural decision was adequate. Habeas review is not available for this claim.

### B. Merits Review

Espada's ineffective assistance of counsel claims also fail on the merits. To prevail on an ineffective assistance claim, a petitioner must show that counsel's performance fell outside "the wide range of reasonable professional assistance" and that there is a "reasonable probability" that, but for counsel's errors, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 689, 694 (1984). When evaluating a state court's denial of an ineffective assistance claim, § 2254(d) requires a federal habeas court to judge not whether counsel was ineffective, but whether the state court "applied Strickland to the facts of [the] case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002). "The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks and citations omitted). A state court's denial of an ineffective assistance claim on the merits warrants deference even when the court also denied the claim on a procedural ground. See Zarvela v. Artuz, 364 F.3d 415, 417 (2d Cir. 2004).

Here, the state court concluded that Espada's trial counsel was effective because she moved to suppress evidence, limited the possible scope of cross-examination of the defendant, actively participated in *voir dire*, presented a coherent opening argument and defense theory, raised appropriate objections during the prosecution's case and cross-examined the prosecution's

witnesses, called a witness on Espada's behalf, moved to dismiss the case, actively participated in the charge conference, and presented a strategically sound summation. The Court cannot conclude that the state court's evaluation of counsel's performance was an unreasonable application of Strickland.

Moreover, the posited trial errors do not warrant habeas relief. Espada has not established that trial counsel had a viable Batson challenge because, although the prosecution used two peremptory challenges to strike Hispanic jurors, there is no discernable "pattern of strikes against panelists who are members of particular protected groups." Messiah v. Duncan, 435 F.3d 186, 194 (2d Cir. 2006) (internal quotation marks omitted). In fact, the record shows that the prosecution *fought to keep* Ms. Rosario, a juror identified by Espada as Hispanic, by defeating defense counsel's cause challenge. It was defense counsel who later struck Ms. Rosario with a peremptory challenge.

Espada also has not established that counsel's failure to object to descriptions of the pliers as a "weapon" was an unprofessional error. The repeated use of the word "weapon" may have subtly biased the jury's perception of the pliers, but it is hard to believe that the trial court would have sustained an objection when other courts have used "dangerous instrument" and "weapon" interchangeably. See, e.g., People v. Grant, 17 N.Y.3d 613, 618-19 (2011) ("we have not had the occasion to determine whether a defendant's statement that he possesses a dangerous instrument, standing alone, constitutes legally sufficient evidence that he is in actual possession of such weapon . . . ."); People v. Pena, 50 N.Y.2d 400, 405-06 (1980) ("the brandishing of a weapon," such as a knife, may be sufficient to prove the use of a dangerous instrument). Espada's trial counsel was under no obligation to raise a fruitless objection. See United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).

Furthermore, Espada cannot claim prejudice from the alleged error. The jurors did not blindly adopt the view that the pliers were a "weapon" because that was the word used at trial. The jurors heard testimony about how sharp the pliers were and how they were brandished. They saw the instrument and watched video of the altercation. They had a sufficient basis to reject defense counsel's assertion that the pliers "were not much of a weapon." Regardless of what the pliers were called at trial, the jury concluded that they were weapon enough to qualify as a dangerous instrument. Finally, there was no danger that calling the pliers a "weapon" would confuse the jury about the prosecution's theory of the crime because the court did not give a "deadly weapon" jury instruction.

## CONCLUSION

Because Espada's claims do not warrant habeas relief, I recommend DENYING his § 2254 petition. I further recommend that the Court decline to issue a certificate of appealability because Espada has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: New York, New York
January 12, 2016

\* \* \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service

is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).