```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
EDWIN ESPADA,                                      :
                            Petitioner,            :
                                                   :       13 Civ. 8408 (LGS) (SN)
            -against-                              :
                                                   :       OPINION AND ORDER
                                                   :
WILLIAM A. LEE,                                    :
                            Respondent.            :
------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2016
```

LORNA G. SCHOFIELD, District Judge:

Edwin Espada brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for robbery in the first degree (the "Petition"). This case was referred to the Honorable Sarah Netburn, who filed a Report and Recommendation (the "Report"), recommending that the Petition be denied. Espada timely objected to the Report. For the following reasons, the Report is adopted, and the Petition is denied.

**I.   BACKGROUND**

On May 27, 2009, Edwin Espada entered a Manhattan store, placed a pair of sneakers underneath his shirt and attempted to leave with the sneakers. Assistant store manager Serge Ouedraogo confronted Espada as Espada was attempting to leave the store. Ouedraogo repeatedly asked Espada to hand over the item he had hidden under his shirt, while Espada denied that he had any store property. When Ouedraogo reached out to touch the sneakers hidden in Espada's shirt, Espada removed a pair of pliers from his pocket and showed them to Ouedraogo. While holding the pliers, Espada told Ouedraogo not to touch him. The men were approximately two to three feet from each other when Espada pulled out the pliers.

As the encounter continued, Espada began walking toward the exit. Ouedraogo tapped Espada on the shoulder and again asked Espada to return what he had taken. Pliers in hand,

Espada responded that he did not have anything and told Ouedraogo not to touch him and to let him go. Espada then ran toward the exit. As he was exiting the store, Espada slipped on a mat and was apprehended by Ouedraogo and store employee, Jacob Yeboah, who recovered the pliers.

Espada was indicted by the grand jury on the single charge of robbery in the first degree. At trial, both Ouedraogo and Yeboah testified about Ouedraogo's confrontation with Espada. Ouedraogo and the prosecution repeatedly referred to the pliers as a "weapon," and Espada's attorney did not object to that characterization. The pliers were entered into evidence and shown to the jury.

Following the close of the prosecution's case, Espada's attorney sought to have the case dismissed because the prosecution did not prove the elements of robbery in the first degree. The trial judge denied the motion. The jury convicted Espada of robbery in the first degree.

Following his conviction, Espada filed a pro se CPL § 330.30(1) motion requesting that the trial court set aside the jury verdict. Espada's pro se pleading hinted at ineffective assistance of counsel, and at the sentencing, Espada indicated that he wished to pursue an ineffective assistance claim. A new lawyer was appointed for Espada's sentencing. Espada's new counsel informed the prosecution that he would not be adopting Espada's ineffective assistance of counsel claim. He then moved to set aside or modify the guilty verdict pursuant to CPL § 330.30(1), incorporating Espada's pro se motion and arguing that the evidence at trial was insufficient to establish the elements of robbery in the first degree. The trial court denied the motion. On May 12, 2010, Espada was sentenced to ten years' imprisonment and five years' post-release supervision.

Espada appealed his conviction and sentence to the Appellate Division - First

Department, arguing that the evidence in the case does not support a conviction of robbery in the first degree.  In addition to the appellate brief submitted by counsel, Espada submitted a pro se brief in support of his appeal.  In his pro se brief, Espada argued that (1) he was denied due process because the prosecution constructively amended the indictment to include a weapon possession charge and (2) the prosecution engaged in misconduct by asking leading questions and making prejudicial comments.

On April 12, 2012, the Appellate Division upheld the trial court's decision, stating that a jury could reasonably have determined that Espada's warning not to touch him followed by pulling out the pliers and repeating the warning was "an implied threat to use the pliers against [Ouedraogo]."  The Appellate Division summarily declined to review Espada's pro se claims because they were not preserved.  Espada then moved for leave to appeal his case to the Court of Appeals, which summarily denied his application.

Espada continued to challenge his conviction, filing a petition for writ of habeas corpus in this Court in November 2013 and a CPL § 440.10 motion to vacate his conviction in the state trial court in April 2014.  Espada's CPL § 440.10 motion sought relief based on defense counsel's failure to object to (1) alleged misconduct and prejudicial remarks by the prosecution and (2) the selection of a racially biased jury.  Judge Netburn stayed Espada's habeas petition pending the resolution of his state court case so that Espada could exhaust his argument regarding his lawyer's failure to object to the prosecution's use of the word "weapon."  The state trial court denied Espada's motion, and the Appellate Division declined to hear an appeal. Following the conclusion of his state court case, Espada amended the Petition to include his exhausted state court claims.  On January 12, 2016, Judge Netburn issued the Report, recommending that Espada's Petition be denied.  Espada filed a timely objection to the Report.

## II.     LEGAL STANDARD

### A.  Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

"If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) (quoting 28 U.S.C. § 636(b)(1)). "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015).

### B.  Review of a Habeas Corpus Petition

Where an individual is in state custody following the judgment of a state court, the writ of habeas corpus is available only if that individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Pierotti v. Walsh*, 834 F.3d 171, 176 (2d Cir. 2016) (quoting *Coleman v. Thompson*, 501 U.S.

722, 729 (1991)).

All arguments raised in a federal habeas petition must first be exhausted in state court unless there is no available state corrective process or that process would be "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Habeas relief may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* §§ 2254(d)(1), (2).

The standard for evaluating state court decisions is highly deferential. State court decisions must be given the benefit of the doubt. *Hardy v. Cross*, 132 S. Ct. 490, 491 (2011). "A state court's determination that a claim lacks merit" is not unreasonable "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington v. Richter,* 562 U.S. 86, 101 (2011)). To succeed on an argument that the state court's decision was contrary to, or unreasonably applied, federal law, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Contreras v. Artus*, 778 F.3d 97, 110 (2d Cir. 2015) (quoting *Harrington*, 582 U.S. at 103).

State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A state court factual determination is not unreasonable merely because

722, 729 (1991)).

All arguments raised in a federal habeas petition must first be exhausted in state court unless there is no available state corrective process or that process would be "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Habeas relief may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* §§ 2254(d)(1), (2).

The standard for evaluating state court decisions is highly deferential. State court decisions must be given the benefit of the doubt. *Hardy v. Cross*, 132 S. Ct. 490, 491 (2011). "A state court's determination that a claim lacks merit" is not unreasonable "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington v. Richter,* 562 U.S. 86, 101 (2011)). To succeed on an argument that the state court's decision was contrary to, or unreasonably applied, federal law, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Contreras v. Artus*, 778 F.3d 97, 110 (2d Cir. 2015) (quoting *Harrington*, 582 U.S. at 103).

State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A state court factual determination is not unreasonable merely because

the federal habeas court "would have reached a different conclusion in the first instance." *Brumfield v. Cain*, 135 S. Ct 2269, 2277 (2015). Instead, 28 U.S.C. § 2254(d)(2) requires that the federal habeas court accord the state trial court substantial deference if "reasonable minds reviewing the record might disagree about the finding in question." *Id.*

## III. DISCUSSION

The Petition seeks habeas relief on three grounds: (1) that the conviction was based on legally insufficient evidence and was against the weight of the evidence; (2) prosecutorial misconduct and (3) ineffective assistance of counsel. The Report rejects each of these claims. Espada objects to the Report's recommendation to reject the latter two claims as they relate to the characterization of the pliers as a weapon. These recommendations are reviewed de novo. The remainder of the Report is reviewed for clear error.

### A. Sufficiency and Weight of the Evidence Supporting Conviction

The Petition argues both that the evidence in this case is legally insufficient to support Espada's conviction for robbery in the first degree and that the conviction goes against the weight of the evidence. The Report recommends rejecting these claims because (1) a reasonable jury could conclude that Espada threatened the immediate use of a dangerous instrument sufficient to meet the requirements of robbery in the first degree and (2) a weight of the evidence claim is not cognizable on federal habeas review. These claims are reviewed for clear error.

#### 1. Sufficiency of the Evidence

The Report's conclusion that the evidence in this case is sufficient to support Espada's conviction is not clearly erroneous or contrary to law. When considering the sufficiency of the evidence in a state court conviction, a federal court "must consider the evidence in the light most favorable to the prosecution and make all inferences in its favor, and, in doing this, must look to

state law to determine the elements of the crime." *Gutierrez v. Smith*, 702 F.3d 103, 113 (2d Cir. 2012).  Evidence is sufficient to support a conviction when "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).  "A state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the decision was objectively unreasonable." *Id.*

To find the elements of robbery in the first degree under state law, the jury needed to find that Espada "forcibly st[ole] property and . . . in the course of the commission of the crime or of immediate flight therefrom, [Espada] . . . [used] or threaten[ed] the immediate use of a dangerous instrument." N.Y. Penal Law § 160.15(3).  A "dangerous instrument" is any object that, "under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury." *Id.* § 10.00(13).

Viewing the evidence and drawing all inferences in the prosecution's favor, a reasonable jury could conclude that Espada forcibly stole the sneakers, that the pliers he removed from his pocket when talking to Ouedraogo were a dangerous instrument and that Espada threatened the use of the pliers when he removed them from his pocket and repeatedly told Ouedraogo not to touch him and to let him go.  Consequently, the evidence is sufficient to support the jury's verdict that Espada is guilty of robbery in the first degree.

### 2. Weight of the Evidence

Likewise, the Report's conclusion that a federal habeas court cannot consider the Petition's weight of the evidence claim is neither clearly erroneous nor contrary to law. *See, e.g.*, *Garrett v. Perlman*, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) ("Unlike a sufficiency of the

7

evidence claim, which is based upon federal due process principles, a weight of the evidence claim is "an error of state law, for which habeas review is not available."); *accord McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011).

### B. Prosecutorial Misconduct

Next, the Petition argues that the prosecution engaged in misconduct by (1) referring to the pliers as a weapon and therefore unlawfully trying Espada for weapon possession and (2) asking leading questions and assuming facts not in evidence. On federal habeas review, alleged prosecutorial misconduct will warrant habeas relief only if the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Parker*, 132 S. Ct. at 2153; *accord Jackson v. Conway*, 763 F.3d 115, 146 (2d Cir. 2014).

#### 1. Characterization of the Pliers as a "Weapon"

The Petition argues that the prosecution engaged in misconduct by continually referring to the pliers as a "weapon," which constructively amended the indictment to include a weapon possession charge and which prejudiced the jury against him. The Report recommends rejecting this claim because it is procedurally barred, not cognizable on habeas review and did not make the trial so unfair as to deny the defendant due process. Espada objects to the Report, arguing that he was deprived of due process because he was prosecuted for possession of a weapon, and the jury was not instructed that he had to know that the pliers functioned as a weapon in order to be convicted on a weapon charge.

Reviewing the claim de novo, the Report correctly found that this claim is procedurally barred. On direct appeal, the Appellate Division rejected the constructive amendment claim as unpreserved, which is an independent and adequate state law ground that precludes federal habeas review. *See, e.g.*, *Conway*, 763 F.3d at 143 (where defendant did not raise prosecutorial

misconduct in direct appeal, he is barred from raising it later).

Even if the claim were not procedurally barred, the characterization of the pliers as a weapon did not constructively amend the indictment and was not prosecutorial misconduct. The indictment was not amended -- the jury was instructed to determine whether Espada committed robbery in the first degree, not whether Espada possessed a weapon. Moreover, the Petition does not demonstrate that prosecution's description of the pliers as a weapon imbued the trial with such unfairness that Espada's conviction denied him due process. The jury determined that the pliers met the legal definition of a dangerous instrument, not that the pliers were a weapon. The determination that the pliers were a dangerous instrument in the context of the robbery was a reasonable conclusion based on the testimony and evidence in this case, which included video footage of the incident and the introduction of the pliers themselves.

### 2. Misconduct Pertaining to Witness Testimony

The Petition also argues that the prosecution engaged in misconduct by asking inappropriate questions of the witnesses in the case. The Report recommends rejecting this argument because the claims are not preserved and because an alleged error of state evidence law cannot serve as the basis for federal habeas relief. Espada did not object to this recommendation, and the Report's conclusion is not clearly erroneous. The alleged inappropriate questions are not a ground for federal habeas relief.

### C. Ineffective Assistance of Counsel

Lastly, the Petition argues that Espada received ineffective assistance of counsel due to his trial counsel's: (1) failure to object to the prosecution's repeated characterization of the pliers as a "weapon" and failure to inform the jury that there was no weapon possession charge in the case and (2) failure to object to the racial composition of the jury under *Batson v.*

*Kentucky*, 476 U.S. 79 (1986).

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See, e.g.*, *Elmore v. Holbrook*, No. 15-7848, 2016 WL 6039250, at *5 (S. Ct. Oct. 17, 2016).  First, a petitioner must demonstrate that his counsel's representation "fell below an objective standard of reasonableness."  *Id.* (quoting *Strickland*, 466 U.S. at 688).  Second, a petitioner must demonstrate that the deficiency prejudiced him.  *Id.*

Review under the *Strickland* test is deferential to both defense counsel and the state court. *Woods*, 136 S. Ct. at 1151.  There is a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.*  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.  Instead, a defendant must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Tavarez v. Larkin*, 814 F.3d 644, 648 (2d Cir. 2016) (quoting *Strickland*, 466 U.S. at 694).

### 1.  Trial Counsel's Alleged Failure to Object

The Petition alleges that defense counsel failed to object to the prosecution's use of a weapon charge, which was not included in the indictment.  The Report finds (1) that the objection would have been fruitless and that trial counsel was under no obligation to raise it and (2) that Espada was not prejudiced by the lack of objection.  Espada objects to the Report's conclusion because if the jurors adopted the view that the pliers were a "weapon," it could have affected their decision-making process.

On de novo review, the Petition's claim for ineffective assistance of counsel on the weapon claim is without merit, as the Report correctly found. Assuming without deciding that the ineffective assistance claim is not procedurally barred, Espada is not entitled to habeas relief. The Petition does not establish that the outcome of the case would be different if defense counsel had objected to the prosecution and witnesses referring to the pliers as weapons. *See Tavarez*, 814 F.3d at 648. As explained above, the jury reasonably determined that Espada had threatened Ouedraogo with the pliers and that the pliers were a dangerous instrument under New York law. They did not convict him on a weapon charge, nor did they find that the pliers were a weapon. Consequently, the fact that Espada's trial counsel did not object to the prosecution's use of the word "weapon" is not grounds for habeas relief.

### 2. Trial Counsel's Alleged Failure to Object to Jury Selection Under *Batson*

The Petition also alleges that defense counsel was ineffective because she failed to object to a jury selection process that "systematically excluded all [H]ispanics from service." Espada first raised this claim in his April 2014 CPL § 440.10 motion. The Report finds that this claim is untimely because it was first raised in his amended Petition, and is procedurally barred because Espada could have, but failed, to raise it on direct appeal. Espada does not object to these findings, and it is reviewed for "plain error." The Report correctly finds that the Petition's *Batson* claim is barred. *See, e.g.*, *Clark v. Perez*, 510 F.3d 382, 390-93 (2d Cir. 2008) (finding claim barred under CPL § 440.10(2)(c) where it could have been raised on direct appeal).

## IV.  CONCLUSION

For the reasons stated above, the Report is ADOPTED and the Petition for a writ of habeas corpus is DENIED. As Petitioner has not made a substantial showing that a constitutional right has been denied, the Court declines to issue a certificate of appealability in

11

this case.  28 U.S.C. § 2253(c)(1), (2).  The Court certifies that any appeal from this Opinion and Order would not be taken in good faith, and therefore permission to proceed *in forma pauperis* status is also denied.  28 U.S.C. § 1915(a)(3); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Siemon v. Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005).  The Clerk of Court is respectfully directed to close this case and to mail a copy of this Opinion and Order to the pro se Petitioner.

Dated: November 16, 2016
       New York, New York

                                          **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**